## W. S. WORLEY *v.* THE STATE.

CRIMINAL LAW. *Private way. Registration laws.* A deed by one land-owner to an adjoining landowner granting a private right of way, is within the registration laws, and without registration is void as against a *bona fide* purchaser from the grantor without notice.

### FROM HAMILTON.

Appeal in error from the Circuit Court of Hamilton county. D. C. TREWITT, J.

E. M. DODSON for Worley.

DEWITT & SHEPHERD and Attorney-General LEA for the State.

MCFARLAND, J., delivered the opinion of the court.

This is a conviction for obstructing a private way, under sub-sec. 4 of sec. 4913 of the Code.

The prosecutrix and the defendant own adjoining lands, and the private way over the defendant's land is claimed by the prosecutrix by virtue of a deed or grant from J. B. Morrisett, from whom the defendant purchased. The deed was read in evidence, and is of date the 3d of October, 1876. It recites that, "Whereas, Mary J. Taylor (the prosecutrix) and John B. Morrisett are both the owners of farms on Chickamauga creek, in the fifteenth district of Hamilton county; and whereas, there was an old road running

through the farm of John B. Morrisett from Dr. J. H. Mackie to the land of Mary J. Taylor, which has been closed by order of court at the request of Jno. B. Morrisett, and now, for and in consideration of six dollars in hand paid, the said Jno. B. Morrisett agrees to reopen the road above referred to, and further agrees that, in case of the sale of the land, the pur chaser is to be restricted from closing or in any way obstructing said road." The execution of the paper was attested by one witness, who afterwards, on the 21st of July, 1880, proved it before the clerk of the county court, and it was then registered.

In the meantime, to-wit, on the 19th of April, 1879, Morrisett sold and conveyed his land to the defendant by deed duly registered on the 23d April, 1879, and the defendant went into possession. There is no proof that the defendant had actual knowledge of the prosecutrix's unregistered deed or of her claim, and his deed makes no allusion to it. He afterwards put up gates across the road, but made no objection to her right to the use of the road by opening and closing the gates.

The defendant moved to quash the indictment, because it shows upon its face that the only obstruction was by putting up gates, and this, it is argued, is not indictable. This argument is predicated upon sec. 1193*a* of the Code, which provides for private ways being opened by order of the county court upon certain conditions and provisos, and among others, that gates may be erected on said roads. This statute has no application to a way otherwise established, and in

fact the argument is not confidently pressed. How-
ever, it is argued that such is the law as to all pri-
vate ways—that is to say, that such ways may be
closed by gates, unless the right be to an open way.
Mr. Washburne says: "Where one grants a right of
way across his land he may shut the termini of the
same by gates, which the grantee must open and close
when using the same, *unless an open way* is expressly
granted." We are, however, of opinion that the grant
in this case is expressly of an *open way.* It sets
forth that the road had previously been a public road,
and the agreement is to reopen it, which fairly implies
that it was to be opened as before, and further, it is
stipulated that the purchaser of the land is to be re-
stricted from in *any way* obstructing said road. We
conclude, therefore, that, by the terms of her deed,
the plaintiff was entitled to an open way, free from
obstruction by gates or otherwise.

The real question in the case is whether the deed,
under which the prosecutrix claims, is void as to the
defendant for want of registration. The circuit judge
charged that it was valid against the defendant with-
out registration, even though he had no knowledge or
notice of its existence. Sec. 2030 of the Code speci-
fies the writings which *may* be registered, and among
others, sub-sec. 4: "All deeds for the absolute con-
veyance of lands, tenements or hereditaments, or any
estate or interest therein." This provision is found
in art. 1 of the chapter on registration. In art. 9
of the same chapter, on the *effect* of registration, sec.
2072 provides, that all of said instruments shall have

effect between the parties and their heirs and representatives without registration, but as to other persons not having actual notice, only from the noting for registration, unless otherwise provided.

Sec. 2074: "Any of said instruments first registered or noted for registration shall have preference over one of earlier date but not noted for registration until afterwards, unless it be proved in a court of equity, according to the rules of said court, that the party claiming under the subsequent instrument had full notice of the previous instrument.

Sec. 2075: "Any of said instruments not so proved or acknowledged and registered shall be null and void as to existing and subsequent creditors of, or *bona fide* purchasers from the makers without notice."

There is no doubt that the instruments referred to in these last named sections are the same referred to in the article specifying the instruments that may be registered, and further, that as between two such deeds or instruments, the one first registered must prevail although it be one of younger date, provided the holder be a *bona fide* purchaser without notice, which means that he is a purchaser for value, and not a fraudulent purchaser or volunteer; and without notice, means that he has not actual knowledge of the prior unregistered deed: *Simpkinson* v. *McGee*, 4 Lea, 432.

So the question in this case is, whether the deed in question is one of the instruments which may be registered—that is to say, does it convey lands, tenements or hereditaments, or any estate or interest therein?

Mr. Washburne says: "A way is an incorporeal

25—VOL. 7.

hereditament, and consists in the right of passing over another's land. It may arise either from grant, necessity or prescription, and is either in gross or appendant to the land": Washburne's Easements and Serv., marg. p., 161.

A prescription implies a grant. Rights of accommodation over another's lands are properly called easements: *Ibid.*, p. 3.

If it be of a continuing duration, "it is a freehold interest, an interest in the soil over which it is to pass, and can be conveyed only by grant or deed": *Ibid.*, pp. 5, 6 and 18.

A mere license is insufficient for the purpose, as it is revocable. And so the author thinks of a mere chattel right.

The grant in this case was without limit—was intended to attach to the prosecutrix's freehold, as is conceded. There is no claim by merely a prescription. The right stands alone upon the deed.

According to the authority cited, the deed conveys such an interest in land as required it to be registered, and, as to the defendant, was void for want of registration unless he had notice.

An ingenious argument is made to show that a grant of a way is not within the registration laws. The argument in substance is, that registration was intended to take the place of the "livery of seizin" of the common law, which related to lands, tenements and *corporeal* hereditaments; that a right of way is an *in*corporeal hereditament, was not the subject of "livery of seizin" but lay in *grant*, and therefore the

Worley *v.* The State.

registration laws were not intended to apply; that the terms "lands, tenements and hereditaments" in the Code referred to, must be held to mean *corporeal* hereditaments. The argument concedes that to convey a right of way requires a grant, and not a mere parol license, it being a right attaching to one freehold to pass over the other running with and attaching to the lands. The spirit of our registration laws require the registration or actual notice of all such instruments in order to give them effect as to third persons, and there is every reason for the application of the laws on this subject to the conveyance of a right of way. A *bona fide* purchaser without notice expects to acquire the absolute property in and dominion over the lands purchased. A claim in a third party to a right of way over the land is inconsistent therewith, and if the claim rests upon a grant or deed, it should either be registered or the subsequent purchaser should have notice of it. It might of course be different if the right was established by long use or prescription, or there were circumstances creating an estoppel; and we need not determine whether proof that the way was being openly used at the time the defendant purchased would be sufficient evidence of notice.

The charge being erroneous, the judgment must be reversed.